# United States Court of Appeals
## For the Eighth Circuit

---

No. 25-1339

---

United States of America

*Plaintiff - Appellee*

v.

Matthew David Keirans, also known as William Donald Woods, also known as William D. Woods

*Defendant - Appellant*

---

Appeal from United States District Court
for the Northern District of Iowa - Eastern

---

Submitted: March 16, 2026
Filed: April 23, 2026

---

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.

---

GRUENDER, Circuit Judge.

By all appearances, a man who went by the name William Woods had turned his life around. Three decades ago, he was homeless and worked at a hotdog cart. But then the man got married and had a child. He opened up bank accounts, received credit lines, and started working at a hospital, where he became "the key administrator of critical systems" and earned more than $100,000 per year. There

was just one problem: Although William Woods is a real person, the man is not that person.

Instead, the man's name is Matthew Keirans. Keirans met the real Woods in the late 1980s; Woods was Keirans's coworker at the hotdog cart. From then on, Keirans used Woods's identity in virtually every aspect of his life. Keirans obtained employment, insurance, a social security card, driver's licenses, titles, loans, and credit using Woods's identity. Keirans paid taxes under Woods's identity. When Keirans stole a car, authorities issued an arrest warrant in Woods's name, and when Keirans stole another car, authorities arrested and booked him under Woods's name. Although Keirans got married, his wife did not know his real name, and their child bore Woods's surname. Keirans obtained his job at the hospital by using fictitious identification documents, all in Woods's name. While employed at the hospital, Keirans continued obtaining credit union loans, using Woods's actual social security number and date of birth. And then Woods intervened.

In August 2019, Woods, then homeless and transient, entered a bank branch in California and informed the assistant branch manager that someone, using his identity, had obtained lines of credit and accumulated a large amount of debt. Woods provided his social security card, whose number matched the social security number associated with Keirans's fraudulent accounts at that bank. However, upon reviewing the accounts' information, the assistant branch manager noted that the address associated with the account was not a California address, but a Wisconsin address—Keirans's address. And when the assistant branch manager asked Woods several security questions, he was unable to answer them correctly. Concerned, the assistant branch manager called the telephone number associated with the fraudulent accounts. Keirans answered.

Keirans instructed that no one in California should have access to the bank accounts. After Keirans correctly answered the assistant branch manager's security questions, the assistant branch manager called the police. Police officers spoke with Keirans over the phone, who told them that he did not give anyone in California

access to his bank accounts. Keirans then faxed the officers copies of a social security card, driver's license, and birth certificate—all stating that his name was William Woods. And so it was Woods—not Keirans—who the police arrested for identity theft.

Keirans told the police that he "wishe[d] to prosecute" Woods for "using his identity." The police therefore forwarded the case to the county prosecutor's office, which charged Woods with felony crimes of identity theft and false impersonation. Throughout the ensuing state court criminal proceedings, Woods insisted that his name was "William Woods" not "Matthew Keirans." After Woods's public defender and an evaluating physician expressed concerns about his competency, the state court determined that Woods was not mentally competent to stand trial and ordered that he be placed in a mental hospital and receive psychotropic medication. In March 2021, Woods was convicted of the felony charges. The state court sentenced Woods to time served and ordered that Woods "use only [his] true name, 'Matthew Keirans.'" In total, Woods spent 428 days in jail and 147 days in a mental hospital.

After his release, Woods continued fighting to reclaim his identity. Keirans, meanwhile, continued insisting to law enforcement that he was "William Woods" and that Woods was "Matthew Keirans." In January 2023, Woods contacted the hospital where Keirans worked, informing its security department that Keirans had stolen his identity. A hospital employee referred Woods's complaint to the local law enforcement, which assigned an experienced detective to investigate the complaint.

Gradually, the detective unraveled Keirans's deception. Using DNA evidence, the detective proved conclusively that Woods, not Keirans, is the true "William Woods." In July 2023, the detective confronted Keirans with this evidence. At that point, Keirans admitted that he had used Woods's identity for several decades, produced false documents, and lied to law enforcement.



Appellate Case: 25-1339 Page: 3 Date Filed: 04/23/2026 Entry ID: 5631832

Keirans pleaded guilty to making a false statement to a National Credit Union Administration insured institution, *see* 18 U.S.C. § 1014, and aggravated identity theft, *see* 18 U.S.C. § 1028A(a)(1). The district court[1] calculated an advisory sentencing guidelines range of 12 to 18 months' imprisonment, followed by a mandatory term of 24 months' imprisonment, *see id.* After considering all the 18 U.S.C. § 3553(a) factors, the district court varied upwards and imposed a sentence of 144 months' imprisonment, along with fines, restitution, and special conditions of supervised release.

When explaining its sentence, the district court emphasized the "unique, unusual, and egregious" nature of Keirans's offenses. Keirans, the district court explained, had used Woods's identity to evade prosecution for his car thefts. Keirans then "intentionally sought the prosecution and incarceration of" Woods, "manipulat[ing] the criminal justice system to prosecute an innocent man." This aspect of Keirans's offense, the district court concluded, "is reflected nowhere in the guidelines whatsoever." The district court continued, "[t]he fact that the defendant lied repeatedly to law enforcement officers" is also not "fully reflected in the guidelines." And, the district court noted, Keirans "still seems to have not recognized what he's done to an individual or apologized directly to that individual."

The district court then outlined the special conditions of supervised release. The district court noted that, as indicated by the presentence investigation report and an affidavit submitted by Keirans's wife ("the affidavit"), Keirans had reported a history of attempted suicide. Thus, the district court ordered Keirans to "participate in a mental health evaluation" and "complete any recommended treatment program." Further, noting that Keirans had a history of substance abuse, the district court ordered that Keirans must "participate in a substance abuse evaluation" and "complete any recommended treatment program."

---

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

Keirans filed this appeal, arguing that the district court (1) imposed a substantively unreasonable term of imprisonment, and (2) improperly based the special conditions of supervised release on his conduct from long ago. We affirm.

Keirans challenges the substantive reasonableness of the 144-month term of imprisonment. "We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard." *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009) (citation modified). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but commits a clear error of judgment." *Id.* Keirans presents two arguments why the district court abused its discretion in imposing the sentence, but neither argument is persuasive.

First, Keirans argues that the district court committed a "clear error of judgment" in giving "little weight" to statements in the affidavit that relayed his descriptions of his childhood. The district court explained that "it's hard to believe anything that [Keirans] has said." Keirans notes, however, that when imposing the mental health condition, the district court credited the affidavit as evidence of his history of attempted suicide. Therefore, Keirans argues, the district court should have also credited the affidavit when considering whether his background warrants a lesser sentence. But this alleged inconsistency in how the district court treated the affidavit does not reflect a clear error of judgment. In imposing the mental health condition, the district court *also* relied on statements in the presentence investigation report about Keirans's history of attempted suicide. The district court could have trusted certain information that was relayed in both the affidavit and the presentence investigation report, even if it doubted information relayed solely in the affidavit. *Cf. United States v. Candie*, 974 F.2d 61, 65 (8th Cir. 1992) ("[T]he sentencing judge is free to believe all, some, or none of a witness's testimony.").

Second, Keirans argues that the district court overstated the harm that his offenses caused. We review the district court's findings of fact for clear error, *see*

*United States v. Mugan*, 441 F.3d 622, 631 (8th Cir. 2006), and we discern no clear error in the district court's description of Keirans's offenses and the harm they caused. And to the extent Keirans's argument is against the weight that the district court placed on those harms, "[t]he district court has wide latitude to weigh the relevant factors and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Wright*, 163 F.4th 469, 478 n.4 (8th Cir. 2025). As the district court emphasized, Keirans's conduct was "unique, unusual, and egregious" and involved "manipulat[ing] the criminal justice system to prosecute an innocent man." Indeed, as the district court added, Woods "would not have been in a position where he would have been subject to being institutionalized but for [Keirans's] . . . insistence that [Woods] be prosecuted." The district court did not abuse its discretion in imposing the 144-month term of imprisonment.

Keirans also challenges the special conditions of supervised release. "[W]e review the court's imposition of the challenged conditions for abuse of discretion." *United States v. Thomas*, 149 F.4th 972, 975 (8th Cir. 2025).[2] "[A] district court is afforded wide discretion in imposing conditions of supervised release, so long as they meet the requirements of 18 U.S.C. § 3583(d)." *Id*. Under that provision, any special condition:

> (1) must be reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant, deterrence of criminal conduct, protection of the public, and treatment of the defendant's correctional needs; (2) cannot deprive the defendant of liberty greater than reasonably necessary for the purposes of deterring criminal conduct, protecting the public from the defendant, and treating the defendant's correctional needs; and (3) must be consistent with pertinent Sentencing Commission policy statements.

[2]The parties dispute whether Keirans preserved his objection to the substance abuse condition. We assume without deciding that he did.



Appellate Case: 25-1339 Page: 6 Date Filed: 04/23/2026 Entry ID: 5631832

*Id.* at 975-76 (citation modified). Here, the mental health and substance abuse conditions satisfy § 3583(d), so the district court did not abuse its discretion in imposing them.

Keirans argues that the mental health and substance abuse conditions are not reasonably related to his history and characteristics and that they each impose a deprivation of liberty greater than reasonably necessary. The district court imposed the mental health condition after citing Keirans's history of attempted suicide, and it imposed the substance abuse condition after citing his history of drug use. Keirans's sole objection to these conditions is that the district court based them on his conduct from three decades ago. But throughout the interim three decades, Keirans pretended to be somebody else entirely—and he also hid his true identity from his wife and gave his child his victim's surname. In light of this behavior, it was reasonable for the district court to require Keirans to undergo mental health and substance abuse evaluations. *See United States v. Thompson*, 653 F.3d 688, 694 (8th Cir. 2011) ("[R]eversal is not required by a lack of individualized findings if the basis for the imposed condition can be discerned from the record."). Further, Keirans's history of deceit undercuts the credibility of his assertions that he no longer struggles with mental health difficulties or substance abuse. Given this context, the special conditions do not deprive Keirans of liberty greater than necessary; indeed, they require Keirans to undergo treatment only if the evaluations recommend it. And unlike the defendant in Keirans's preferred authority, *United States v. Kent*, 209 F.3d 1073 (8th Cir. 2000), Keirans's offenses were not "completely unrelated to the imposed condition." *Cf. id.* at 1077. The district court did not abuse its discretion in imposing the special conditions of supervised release.

Therefore, we affirm.

---



Appellate Case: 25-1339 Page: 7 Date Filed: 04/23/2026 Entry ID: 5631832